[Cite as *Wenning v. Advanced Spine Joint & Wellness Ctr., L.L.C.*, 2018-Ohio-2798.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ALISE WENNING, et al.

    Appellants

    v.

ADVANCED SPINE JOINT AND
WELLNESS CENTER, et al.

    Appellees

C.A. No.     17CA0031-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16CIV0014

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

CARR, Judge.

{¶1} Plaintiffs-Appellants Alise and David Wenning (collectively "the Wennings") appeal from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In May 2014, Alise Wenning began receiving chiropractic care at Defendant-Appellee Advanced Spine Joint and Wellness Center, LLC ("Advanced Spine") in Medina. Following a chiropractic treatment on November 13, 2014, while Mrs. Wenning was still in the lobby, she began experiencing stroke-like symptoms. An ambulance was called and Mrs. Wenning was taken to a hospital. Subsequent testing determined that Mrs. Wenning had had multiple strokes.

{¶3} In January 2016, the Wennings filed a complaint against Advanced Spine, Dr. Matt Marr, D.C., Dr. John Kocka, M.D., and Dr. John Doe, D.C. (collectively "the Defendants"). The Wennings alleged in the complaint that Dr. Doe was a chiropractor whose identity could not

be determined from Advanced Spine's records. They further asserted that, pursuant to R.C. 2305.113, they had sent a "180 day" letter to the Defendants on September 16, 2015, which was received by the Defendants on September 18, 2015. The complaint contained four counts: malpractice, lack of informed consent, spoliation of evidence, and loss of consortium and emotional distress. The complaint and accompanying affidavit reflect that Mrs. Wenning believed that Dr. Marr adjusted her the day of her strokes. The Defendants answered the complaint denying the majority of the allegations.

{¶4} On May 23, 2016, the Wennings filed a motion for leave to amend their complaint. In the motion, the Wennings asserted that Mrs. Wenning only knew the doctor who treated her in November 2014 as "Dr. Matt" and that, at the time the complaint was filed, she believed that Dr. Marr was "Dr. Matt[.]" However, at a pretrial, counsel for the Defendants revealed that Defendant-Appellee Matthew Meehan, D.C. was the chiropractor who treated Mrs. Wenning the day of her strokes. Therefore, the Wennings sought to amend the complaint pursuant to Civ.R. 15(D) in order to add Dr. Meehan as "a New Party Defendant."

{¶5} On May 27, 2016, the trial court granted the Wennings' motion. That same day, an amended complaint was filed that included Dr. Meehan as a defendant, in addition to both Dr. Marr and Dr. John Doe. The Wennings alleged that they had sent "180 day" letters to each of the named defendants on September 16, 2015, which were received on September 18, 2015, and that "Dr. Matt Meehan [wa]s a 'John Doe' who could not be identified prior to filing suit as his identity could not be determined from the records produced by Defendants prior to suit, or otherwise." Defendants Advanced Spine, Dr. Marr, Dr. Kocka, and Dr. Doe answered generally denying the allegations.

**{¶6}** What appears to be the same amended complaint was again filed on June 15, 2016, and a summons was issued to Dr. Meehan. Dr. Meehan filed an answer denying the majority of the allegations. Dr. Meehan raised the statute of limitations as an affirmative defense. In February 2017, the Wennings dismissed Dr. Marr from the suit.

**{¶7}** In January 2017, Dr. Meehan moved for summary judgment arguing that the Wennings' claims against him were time barred. Dr. Meehan argued that the one-year statute of limitations began to run on the Wennings' claims as of November 13, 2014, and that because the Wennings had not sent a letter to Dr. Meehan in compliance with R.C. 2305.113(B), the limitations period expired on November 13, 2015, before the original complaint was even filed. Further, Dr. Meehan noted that the Wennings had failed to comply with the requirements of Civ.R. 15(D) and therefore their amended complaint did not relate back to the filing of their original complaint. Accordingly, Dr. Meehan maintained that the Wennings' claims against him were time barred.

**{¶8}** In their brief in opposition, the Wennings argued that Civ.R. 15(C) applied, not Civ.R. 15(D). In so doing, the Wennings seemed to implicitly acknowledge that their filings were not in accordance with the requirements of Civ.R. 15(D). The Wennings argued that the amended complaint did relate back to the filing of the original complaint.

**{¶9}** Dr. Meehan filed a reply brief maintaining that, irrespective of whether the Wennings relied upon Civ.R. 15(C) or Civ.R. 15(D), the original complaint was not timely filed as to Dr. Meehan because the Wennings did not send him a letter pursuant to R.C. 2305.113. Further, Dr. Meehan asserted that the amended complaint was not properly filed pursuant to Civ.R. 15(C) as the Wennings did not substitute Dr. Meehan for another party; instead, they added Dr. Meehan in addition to all of the previous parties.

**{¶10}** Ultimately, the trial court concluded that the statute of limitations expired on November 13, 2015 as to Dr. Meehan, and thus, the trial court granted Dr. Meehan's motion for summary judgment. Subsequently, the Wennings moved the trial court to add a certification pursuant to Civ.R. 54(B), which the trial court did.

**{¶11}** The Wennings have appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO DEFENDANT MATTHEW MEEHAN, D.C. AS CIVIL RULE 15(C), AND NOT 15(D), APPLIES HERE, AND THE CLAIMS AGAINST DR. MEEHAN IN THE AMENDED COMPLAINT RELATE BACK TO THE TIMELY FILED ORIGINAL COMPLAINT[.]

**{¶12}** The Wennings argue in their sole assignment of error that the trial court erred in granting summary judgment to Dr. Meehan because Civ.R. 15(C) applied, not Civ.R. 15(D). They argue that if the trial court had properly applied Civ.R. 15(C), it would have concluded that their amended complaint did relate back to the filing of their original complaint.

**{¶13}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶14}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶15} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶16} We begin by noting that the Wennings do not appear to challenge that the timeliness of their claims against Dr. Meehan is governed by the statute of limitations set forth in R.C. 2305.113. Nor do they appear to dispute that the statute of limitations began to run on November 13, 2014, the day that Mrs. Wenning suffered her strokes. Thus, absent proper utilization of the extension provided for in R.C. 2305.113(B)(1), the statute of limitations on their claims against Dr. Meehan expired in November 2015.

{¶17} From the trial court's judgment entry, it is clear that the trial court found that, as to Dr. Meehan, the Wennings did not make appropriate use of R.C. 2305.113(B)(1), and, thus, the statute of limitations expired in November 2015. Given the foregoing, as the Wennings did not file their original complaint until January 2016, the trial court concluded that, as to Dr. Meehan, the Wennings' claims were untimely and awarded summary judgment to Dr. Meehan.

**{¶18}** On appeal, the Wennings focus their argument on the trial court's failure to conclude that the amended complaint did relate back to the filing of the original complaint pursuant to Civ.R. 15(C). However, there is nothing in the trial court's entry that indicates that the trial court even considered whether the amended complaint did or did not relate back to the filing of the original complaint under any provision of Civ.R. 15. Because the trial court determined that the Wennings did not comply with R.C. 2305.113(B)(1), the trial court concluded that the statute of limitations was not extended as to Dr. Meehan and that it expired before the Wennings even filed their original complaint. Thus, in light of the trial court's conclusion, there would be no reason to consider whether the amended complaint did relate back to the filing of the original complaint because the trial court found that the original complaint itself was untimely filed as to Dr. Meehan. Said differently, whether the amended complaint related back would only become important if it was first determined that the original complaint was timely filed as to Dr. Meehan.

**{¶19}** Here, on appeal, the Wennings have failed to actually challenge the basis of the trial court's judgment. The Wennings have not argued that the trial court erred in determining that, as to Dr. Meehan, the Wennings failed to comply with R.C. 2305.113(B)(1). While they mention in passing that the original complaint was timely filed, they have developed no argument explaining the same, nor have they set forth an assignment of error addressing that issue. *See* App.R. 16(A)(7); *see also Hall v. Silver,* 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 13. Because the Wennings have failed to adequately challenge the basis of the trial court's judgment on appeal, their assignment of error is overruled.

7

## III.

**{¶20}**  The Wennings' assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KEVIN T. ROBERTS, Attorney at Law, for Appellants.

VICTORIA L. VANCE and CHRISTINA E. MARINO, Attorneys at Law, for Appellee.

THOMAS B. KILBANE, Attorney at Law, for Appellee.